Case No.: 1:21-CV-1305 (TJM/ML)

# EXHIBIT A

Case 1:21-cv-01305-TJM-ML   Document 1-1   Filed 12/06/21   Page 2 of 34

Date of Filing:

Index #:

Plaintiff designates
Ulster County
as the place of trial.

The basis of venue is the
location of the accident.

The accident complained
of herein occurred, in
Kingston, New York.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
------------------------------------------------------------------X
CAROL KORTRIGHT-CONKLIN,

                                 Plaintiff,               **SUMMONS**

    -against-

LOWE'S HOME CENTERS, LLC,

                                 Defendant.
------------------------------------------------------------------X
To the above-named Defendant:

       YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiff's attorneys within - 20- days after the
service of this summons, exclusive of the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the State of
New York); and in case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded in the complaint.

                             SOBO & SOBO, LLP

                             _____

                             By: Tiffany A. Jacobsen, Esq.
Dated: _____December 8,2020        Attorneys for Plaintiff
   Middletown, New York 10940        One Dolson Avenue
                             Middletown, New York 10940
                             (845)343-7626

Defendant's address:  See Complaint

Case 1:21-cv-01305-TJM-ML Document 1-1 Filed 12/06/21 Page 3 of 34

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
-------------------------------------------------------------------X
CAROL KORTRIGHT-CONKLIN,

                                        Plaintiff,                    **VERIFIED
                                                                      COMPLAINT**

        -against-
                                                                      **Index No.:**

LOWE'S HOME CENTERS, LLC,

                                        Defendant.
-------------------------------------------------------------------X

        Plaintiff, CAROL KORTRIGHT-CONKLIN, by her attorneys, SOBO & SOBO,

L.L.P., as and for the Verified Complaint, herein alleges the following:

        1.   That at all times hereinafter mentioned, the Plaintiff was and still is a resident

of the County of Ulster, State of New York.

        2.   That at all times hereinafter mentioned, upon information and belief, the

Defendant, LOWE'S HOME CENTERS, LLC, was and still is a domestic corporation

organized and existing under and by virtue of the Laws of the State of New York.

        3.   That at all times hereinafter mentioned, upon information and belief, the

Defendant, LOWE'S HOME CENTERS, LLC, was and still is a foreign corporation duly

authorized to do business within the State of New York.

        4.   That at all times hereinafter mentioned, upon information and belief, the

Defendant, LOWE'S HOME CENTERS, LLC, was a still is a business entity doing

business within the State of New York.

        5.   That at all times hereinafter mentioned, upon information and belief, the

Defendant, LOWE'S HOME CENTERS, LLC, was the owner of a certain premises

INDEX NO. EF2020-3139
RECEIVED NYSCEF: 12/09/2020

located at 901 Frank Sottile Boulevard, Kingston, County of Ulster, State of New York, known as "Lowe's."

6. That at all times hereinafter mentioned, upon information and belief, the Defendant, LOWE'S HOME CENTERS, LLC, maintained the aforesaid premises.

7. That at all times hereinafter mentioned, upon information and belief, the Defendant, LOWE'S HOME CENTERS, LLC, managed the aforesaid premises.

8. That at all times hereinafter mentioned, upon information and belief, the Defendant, LOWE'S HOME CENTERS, LLC, controlled the aforesaid premises.

9. That at all times hereinafter mentioned, upon information and belief, the Defendant, LOWE'S HOME CENTERS, LLC, operated the aforesaid premises.

10. That at all times hereinafter mentioned, upon information and belief, the Defendant, LOWE'S HOME CENTERS, LLC, was the lessee of the aforesaid premises.

11. That at all times hereinafter mentioned, upon information and belief, the Defendant, LOWE'S HOME CENTERS, LLC, was the lessor of the aforesaid premises.

12. That at all times hereinafter mentioned, dangerous and/or defective conditions located on the aforesaid premises near the end cap with the space heaters, was the situs of the within accident.

13. That on or about the 6th day of November 2018, while this Plaintiff was lawfully upon the aforesaid premises, she was caused to be precipitated to the ground, thereby sustaining severe and serious personal injuries.

14. The negligent, wanton, reckless and careless acts of the Defendants, their agents, servants and/or employees were a cause of the accident and resultant injuries.

INDEX NO. EF2020-3139

Case 1:21-cv-01305-TJM-ML   Document 1-1   Filed 12/06/21   Page 5 of 34

RECEIVED NYSCEF: 12/09/2020

15.   That the Defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous, slippery and/or unsafe conditions to exist on the aforesaid premises; in acting with reckless disregard for the safety of others, and the Defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

16.   That the Defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident and in the exercise of reasonable care, the Defendants could have and should have had knowledge and notice thereof and further, the Defendants, their agents, servants and/or employees created said condition.

17.   The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and 1602(11).

18.   That by reason of the foregoing, this Plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function.  Further, this Plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the Plaintiff further was caused to lose substantial periods of time from her normal vocation and activities,

and upon information and belief, may continue in that way into the future and suffer similar losses.

19.     That by reason of the foregoing, this Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, as follows:

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

DATED:  _____December 8__ , 2020
          Middletown, New York

_____
Tiffany A. Jacobsen, Esq.
SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, NY  10940
(845) 343-7626

TO:     LOWE'S HOME CENTERS, LLC
          *By Secretary of State*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
-------------------------------------------------------------------X
CAROL KORTRIGHT-CONKLIN

              Plaintiff,

     -against-

LOWE'S HOME CENTERS,LLC,

              Defendant.
-------------------------------------------------------------------X

**AFFIRMATION**

**Index No.:**

STATE OF NEW YORK

COUNTY OF ORANGE      ss:

I, the undersigned, am an attorney admitted to practice in the courts of New

York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of record, for

the plaintiff(s). I have read the annexed VERIFIED COMPLAINT, know the contents

thereof and I believe them to be true, based upon the facts and information

contained in deponent's file. The reason I make this affirmation instead of the

Plaintiff is because the Plaintiff is not within the County of Orange

where affirmant's law office is located.

Dated: _____December 8, 2020

                                      _____
                                        Tiffany A. Jacobsen, Esq.
                                        Sobo & Sobo, L.L.P.
                                        Attorneys for the Plaintiff
                                        One Dolson Avenue
                                        Middletown, New York 10940

# AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

SUPREME COURT
STATE OF NEW YORK, COUNTY OF ULSTER

Purchased/Filed: December 9, 2020

Index #  EF2020-3139

---

*Carol Kortright-Conklin*                                                   Plaintiff

against

*Lowe's Home Centers, LLC*                                                   Defendant

---

STATE OF NEW YORK
COUNTY OF ALBANY                 SS.:

_____ James Perone _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ December 11, 2020 _____ , at _ 11:00 AM _ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons, Verified Complaint and Notice of Electronic Filing (Mandatory Case)

on

_____ Lowe's Home Centers, LLC _____ , the

Defendant in this action, by delivering to and leaving with _____ Sue Zouky _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of

the Secretary of State of the State of New York, 99 Washington Avenue, Albany, NY,  2 true copies thereof and that

at the time of making such service, deponent paid said Secretary of State a fee 40 dollars; That said service was

made pursuant to Section 303 Limited Liability Company Law . Deponent further says that deponent knew the

person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly

authorized to accept such service on behalf of said defendant

Description of the person served:  Approx. Age: _ 55-60 _   Approx. Wt: _ 125lbs _   Approx. Ht: _ 5'1 _

Color of skin: _ White _   Hair color: _ Red/Blonde _  Sex: _ Female _   Other: _____

Sworn to before me on this

_ 11th _ day of December 2020

_____
SCOTT SCHUSTER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01SC6308636
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES JULY 28, 2022

_____
James Perone
**Attny's File No.**
Invoice•Work Order # S1850486

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ULSTER

CAROL KORTRIGHT-CONKLIN,

                                        Plaintiff,

v.

LOWE'S HOME CENTERS, LLC,

                                        Defendant.

**VERIFIED ANSWER**

Index No.: EF2020-3139

Defendant, Lowe Home Centers, LLC ("Lowe's"), by its attorneys, Goldberg Segalla LLP, for its Verified Answer to the plaintiff's Verified Complaint, responds as follows, upon information and belief:

1.      Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Verified Complaint.

2.      Lowe's denies the allegations contained in paragraph 2 of the Verified Complaint.

3.      In response to paragraph 3 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 3 of the Verified Complaint.

4.      In response to paragraph 4 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC operates home improvement retail stores within the state of New York, and denies having knowledge or information sufficient to form a belief as to any remaining allegations contained in paragraph 4 of the Verified Complaint.

5.      Lowe's denies the allegations contained in paragraph 5 of the Verified Complaint.

6.      Lowe's denies the allegations contained in paragraph 6 of the Verified Complaint.

28867230.v1

7.     Lowe's denies the allegations contained in paragraph 7 of the Verified Complaint.

8.     Lowe's denies the allegations contained in paragraph 8 of the Verified Complaint.

9.     In response to paragraph 9 of the Verified Complaint, Lowe's states that Lowe's operated a home improvement retail store on the premises located at 901 Frank Sottile Blvd, Kingston, New York 12401, and denies any remaining allegations contained within paragraph 9 of the Verified Complaint.

10.     In response to paragraph 10 of the Verified Complaint, Lowe's states that Lowe's leased the premises located at 901 Frank Sottile Blvd, Kingston, New York 12401, and denies any remaining allegations contained within paragraph 10 of the Verified Complaint.

11.     Lowe's denies the allegations contained in paragraph 11 of the Verified Complaint.

12.     Lowe's denies the allegations contained in paragraph 12 of the Verified Complaint.

13.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Verified Complaint.

14.     Lowe's denies the allegations contained in paragraph 14 of the Verified Complaint.

15.     Lowe's denies the allegations contained in paragraph 15 of the Verified Complaint.

16.     Lowe's denies the allegations contained in paragraph 16 of the Verified Complaint.

2

INDEX NO. EF2020-3139
RECEIVED NYSCEF: 01/26/2021

17.     Paragraph 17 calls for legal conclusions to which no response is required. To the extent that a response is required, Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Verified Complaint.

18.     Lowe's denies the allegations contained in paragraph 18 of the Verified Complaint.

19.     Lowe's denies the allegations contained in paragraph 19 of the Verified Complaint.

20.     Lowe's denies each and every other allegation of the Verified Complaint not previously specifically admitted, denied, or otherwise controverted.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

21.     The injuries and/or damages alleged in the Verified Complaint were caused in whole or in part by the culpable conduct, want of care, and assumption of risk on the part of the plaintiff, and without negligence, fault, or want of care on the part of Lowe's.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

22.     If Lowe's is found liable to the plaintiff, its responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by the plaintiff for non-economic loss against Lowe's should be limited to its percentage of liability.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

23.     The Verified Complaint fails to state a cause of action against Lowe's.

28867230.v1

3

**AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

24.    The plaintiff's injuries, if any, were caused in whole or in part by a person or persons who are not within the control of Lowe's.

**AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

25.    That pursuant to CPLR §4545 and other applicable sections of the CPLR, Lowe's is entitled to a set off against the amount of any verdict of any monies collected from a collateral source of payment.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

26.    Plaintiff failed to mitigate her alleged damages.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

27.    The underlying incident and alleged resulting injuries were not proximately caused by any action or inaction of Lowe's.

**AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

28.    Plaintiff was the sole proximate cause of the alleged incident and her alleged injuries.

**AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

29.    In the event the Plaintiff seeks to recover a verdict or judgment against Lowe's, then said verdict or judgment must exclude or be reduced by those amounts which have been, or will with reasonable certainty replace or indemnify the plaintiff, in whole or in part, for any past

4

28867230.v1

or future medical costs, health care, life care, or other economic loss or the benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

**AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

30.     If the plaintiff receives or has received sums of money in settlement of the claims asserted herein, Lowe's is entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York in reducing the claim of the plaintiff against Lowe's by the amount stipulated in the Release, the amount of consideration paid for it or the amount of the released defendants' equitable share of the damages, whichever is the greatest.

**AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

31.     Any risks and dangers at the time and place set forth as the location of the happening of the incident as alleged in the Verified Complaint were open, obvious, and apparent.

**AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

32.     Any alleged injuries and/or expenses resulted from the pre-existing and/or unrelated medical conditions, injuries, or illnesses of the Plaintiff.

**AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

33.     The alleged incident did not occur at the date, time, and place alleged in the Verified Complaint.

**AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

34.     Lowe's reserves the right to amend this Answer and to add any applicable affirmative defenses after it has had the opportunity to discovery all facts relevant to this action.

5

28867230.v1

**WHEREFORE**, Lowe's demands judgment as follows:

      a.      Dismissing plaintiff's Verified Complaint, or

      b.      Reducing plaintiff's recovery in the proportion to which the plaintiff's culpable conduct, assumption of risk, and want of care bears to the culpable conduct which caused the plaintiff's damages;

      c.      Limiting plaintiff's recovery for non-economic loss against Lowe's to the percentage of responsibility attributed to Lowe's, if that percentage is less than fifty-one percent (51%), and

      d.      Such other and further relief as to this Court may seem just, proper, and equitable together with the costs and disbursements of this action.

Dated: Buffalo, New York
       January 26, 2021

                           GOLDBERG SEGALLA LLP

                           Kenneth L. Bostick, Jr., Esq.
                           *Attorney for Defendant*
                           *Lowe's Home Centers, LLC*
                           665 Main Street
                           Buffalo, New York 14203
                           (716) 566-5400

TO:    Tiffany A. Jacobsen, Esq.
       SOBO & SOBO, LLP
       *Attorneys for Plaintiff*
       One Dolson Avenue
       Middletown, New York 10940
       (845) 343-7626

28867230.v1

6

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
COUNTY OF ERIE        ) ss:

       Kenneth L. Bostick, Jr., Esq., being sworn, deposes and says:

       1.        I am a partner with the law firm of Goldberg Segalla LLP, attorneys for defendant Lowe's Home Centers, LLC ("Lowe's") in this matter.

       2.        I have read the foregoing Answer and either know the contents to be true or they are alleged upon information and belief, and as to those matters, I believe them to be true based upon the materials supplied by and discussions with defendant.

       3.        The reason this verification is made by deponent and not by defendant is that defendant's corporate headquarters and residences are not located in the County of Erie where deponent's law office is located, or in the County of Ulster, where this action is venued.

_____
Kenneth L. Bostick, Jr.

Sworn to before me this
26th day of January, 2021.

_____
Notary Public

SARAH A. WEISHEIT
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Chautauqua County
Commission Expires May 22, 20 21

7

28867230.v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

------------------------------------------------------------------X

CAROL KORTRIGHT-CONKLIN,

                              Plaintiff,

          -against-

LOWE'S HOME CENTERS, LLC,

                              Defendant.

------------------------------------------------------------------X

**AMENDED**
**VERIFIED COMPLAINT**

**Index No.: EF2020-3139**

     Plaintiff, CAROL KORTRIGHT-CONKLIN, by her attorneys, SOBO & SOBO, L.L.P., as and for the Amended Verified Complaint, herein alleges the following:

     1.  That at all times hereinafter mentioned, the Plaintiff was and still is a resident of the County of Ulster, State of New York.

     2.  That at all times hereinafter mentioned, upon information and belief, the Defendant, LOWE'S HOME CENTERS, LLC, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

     3.  That at all times hereinafter mentioned, upon information and belief, the Defendant, LOWE'S HOME CENTERS, LLC, was and still is a foreign corporation duly authorized to do business within the State of New York.

     4.  That at all times hereinafter mentioned, upon information and belief, the Defendant, LOWE'S HOME CENTERS, LLC, was a still is a business entity doing business within the State of New York.

     5.  That at all times hereinafter mentioned, upon information and belief, the Defendant, LOWE'S HOME CENTERS, LLC, was the owner of a certain premises located at 901 Frank Sottile Boulevard, Kingston, County of Ulster, State of New York, known as "Lowe's."

Case 1:21-cv-01305-TJM-ML Document 1-1 Filed 12/06/21 Page 17 of 34

6. That at all times hereinafter mentioned, upon information and belief, the Defendant, LOWE'S HOME CENTERS, LLC, maintained the aforesaid premises.

7. That at all times hereinafter mentioned, upon information and belief, the Defendant, LOWE'S HOME CENTERS, LLC, managed the aforesaid premises.

8. That at all times hereinafter mentioned, upon information and belief, the Defendant, LOWE'S HOME CENTERS, LLC, controlled the aforesaid premises.

9. That at all times hereinafter mentioned, upon information and belief, the Defendant, LOWE'S HOME CENTERS, LLC, operated the aforesaid premises.

10. That at all times hereinafter mentioned, upon information and belief, the Defendant, LOWE'S HOME CENTERS, LLC, was the lessee of the aforesaid premises.

11. That at all times hereinafter mentioned, upon information and belief, the Defendant, LOWE'S HOME CENTERS, LLC, was the lessor of the aforesaid premises.

12. That at all times hereinafter mentioned, dangerous and/or defective conditions located on the aforesaid premises near the end cap with the space heaters, was the situs of the within accident.

13. That on or about the 15th day of October 2018, while this Plaintiff was lawfully upon the aforesaid premises, she was caused to be precipitated to the ground, thereby sustaining severe and serious personal injuries.

14. The negligent, wanton, reckless and careless acts of the Defendants, their agents, servants and/or employees were a cause of the accident and resultant injuries.

15. That the Defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous, slippery and/or unsafe conditions to exist on the aforesaid

premises; in acting with reckless disregard for the safety of others, and the Defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

16.    That the Defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident and in the exercise of reasonable care, the Defendants could have and should have had knowledge and notice thereof and further, the Defendants, their agents, servants and/or employees created said condition.

17.    The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and 1602(11).

18.    That by reason of the foregoing, this Plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function.  Further, this Plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the Plaintiff further was caused to lose substantial periods of time from her normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

19.     That by reason of the foregoing, this Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, as follows:

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

DATED:  February 8, 2021
        Middletown, New York

_____
Tiffany A. Jacobsen, Esq.
SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, NY  10940
(845) 343-7626

TO:     Goldberg Segalla, LLP
        *Attorney for Defendants*
        665 Main Street
        Buffalo, New York 14203
        (716) 566-5400

Case 1:21-cv-01305-TJM-ML   Document 1-1   Filed 12/06/21   Page 20 of 34

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
-------------------------------------------------------------------X
CAROL KORTRIGHT-CONKLIN
                              Plaintiff,

                                                        **AFFIRMATION**

         -against-
                                                        **Index No.:  EF2020-3139**

LOWE'S HOME CENTERS, LLC,

                              Defendant.
-------------------------------------------------------------------X
STATE OF NEW YORK

COUNTY OF ORANGE          ss:


I, the undersigned, am an attorney admitted to practice in the courts of New

York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of record, for

the plaintiff(s). I have read the annexed AMENDED VERIFIED COMPLAINT, know

the contents

thereof and I believe them to be true, based upon the facts and information

contained in deponent's file. The reason I make this affirmation instead of the

Plaintiff is because the Plaintiff is not within the County of Orange

where affirmant's law office is located.


Dated: February 8, 2021


                                        _____
                                        Tiffany A. Jacobsen, Esq.
                                        Sobo & Sobo, L.L.P.
                                        Attorneys for the Plaintiff
                                        One Dolson Avenue
                                        Middletown, New York 10940

Case 1:21-cv-01305-TJM-ML   Document 1-1   Filed 12/06/21   Page 22 of 34

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ULSTER

CAROL KORTRIGHT-CONKLIN,

                                Plaintiff,

v.

LOWE'S HOME CENTERS, LLC,

                                Defendant.

**VERIFIED ANSWER TO
PLAINTIFF'S AMENDED
VERIFIED COMPLAINT**

Index No.: EF2020-3139

Defendant, Lowe's Home Centers, LLC ("Lowe's"), by its attorneys, Goldberg Segalla LLP, for its Verified Answer to the plaintiff's Amended Verified Complaint, responds as follows, upon information and belief:

1.      Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Amended Verified Complaint.

2.      Lowe's denies the allegations contained in paragraph 2 of the Amended Verified Complaint.

3.      In response to paragraph 3 of the Amended Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 3 of the Amended Verified Complaint.

4.      In response to paragraph 4 of the Amended Verified Complaint, Lowe's states that Lowe's Home Centers, LLC operates home improvement retail stores within the state of New York, and denies having knowledge or information sufficient to form a belief as to any remaining allegations contained in paragraph 4 of the Amended Verified Complaint.

INDEX NO. EF2020-3139

RECEIVED NYSCEF: 02/22/2021

Case 1:21-cv-01305-TJM-ML   Document 1-1   Filed 12/06/21   Page 23 of 34

5.      Lowe's denies the allegations contained in paragraph 5 of the Amended Verified Complaint.

6.      Lowe's denies the allegations contained in paragraph 6 of the Amended Verified Complaint.

7.      Lowe's denies the allegations contained in paragraph 7 of the Amended Verified Complaint.

8.      Lowe's denies the allegations contained in paragraph 8 of the Amended Verified Complaint.

9.      In response to paragraph 9 of the Amended Verified Complaint, Lowe's states that Lowe's operated a home improvement retail store on the premises located at 901 Frank Sottile Blvd, Kingston, New York 12401, and denies any remaining allegations contained within paragraph 9 of the Amended Verified Complaint.

10.     In response to paragraph 10 of the Amended Verified Complaint, Lowe's states that Lowe's leased the premises located at 901 Frank Sottile Blvd, Kingston, New York 12401, and denies any remaining allegations contained within paragraph 10 of the Amended Verified Complaint.

11.     Lowe's denies the allegations contained in paragraph 11 of the Amended Verified Complaint.

12.     Lowe's denies the allegations contained in paragraph 12 of the Amended Verified Complaint.

13.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Amended Verified Complaint.

14.     Lowe's denies the allegations contained in paragraph 14 of the Amended Verified Complaint.

29057726.v1

15.     Lowe's denies the allegations contained in paragraph 15 of the Amended Verified Complaint.

16.     Lowe's denies the allegations contained in paragraph 16 of the Amended Verified Complaint.

17.     Paragraph 17 calls for legal conclusions to which no response is required. To the extent that a response is required, Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Amended Verified Complaint.

18.     Lowe's denies the allegations contained in paragraph 18 of the Amended Verified Complaint.

19.     Lowe's denies the allegations contained in paragraph 19 of the Amended Verified Complaint.

20.     Lowe's denies each and every other allegation of the Amended Verified Complaint not previously specifically admitted, denied, or otherwise controverted.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

21.     The injuries and/or damages alleged in the Amended Verified Complaint were caused in whole or in part by the culpable conduct, want of care, and assumption of risk on the part of the plaintiff, and without negligence, fault, or want of care on the part of Lowe's.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

22.     If Lowe's is found liable to the plaintiff, its responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by the plaintiff for non-economic loss against Lowe's should be limited to its percentage of liability.

3

INDEX NO. EF2020-3139
RECEIVED NYSCEF: 02/22/2021
Case 1:21-cv-01305-TJM-ML Document 1-1 Filed 12/06/21 Page 25 of 34

**AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

23.     The Amended Verified Complaint fails to state a cause of action against Lowe's.

**AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

24.     The plaintiff's injuries, if any, were caused in whole or in part by a person or persons who are not within the control of Lowe's.

**AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

25.     That pursuant to CPLR §4545 and other applicable sections of the CPLR, Lowe's is entitled to a set off against the amount of any verdict of any monies collected from a collateral source of payment.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

26.     Plaintiff failed to mitigate her alleged damages.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

27.     The underlying incident and alleged resulting injuries were not proximately caused by any action or inaction of Lowe's.

**AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

28.     Plaintiff was the sole proximate cause of the alleged incident and her alleged injuries.

**AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

29.     In the event the Plaintiff seeks to recover a verdict or judgment against Lowe's, then said verdict or judgment must exclude or be reduced by those amounts which have been, or

will with reasonable certainty replace or indemnify the plaintiff, in whole or in part, for any past or future medical costs, health care, life care, or other economic loss or the benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

30.     If the plaintiff receives or has received sums of money in settlement of the claims asserted herein, Lowe's is entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York in reducing the claim of the plaintiff against Lowe's by the amount stipulated in the Release, the amount of consideration paid for it or the amount of the released defendants' equitable share of the damages, whichever is the greatest.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

31.     Any risks and dangers at the time and place set forth as the location of the happening of the incident as alleged in the Amended Verified Complaint were open, obvious, and apparent.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

32.     Any alleged injuries and/or expenses resulted from the pre-existing and/or unrelated medical conditions, injuries, or illnesses of the Plaintiff.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

33.     The alleged incident did not occur at the date, time, and place alleged in the Amended Verified Complaint.

### AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

34.     Lowe's reserves the right to amend this Answer and to add any applicable affirmative defenses after it has had the opportunity to discovery all facts relevant to this action.

**WHEREFORE**, Lowe's demands judgment as follows:

a.      Dismissing plaintiff's Amended Verified Complaint, or

b.      Reducing plaintiff's recovery in the proportion to which the plaintiff's culpable conduct, assumption of risk, and want of care bears to the culpable conduct which caused the plaintiff's damages;

c.       Limiting plaintiff's recovery for non-economic loss against Lowe's to the percentage of responsibility attributed to Lowe's, if that percentage is less than fifty-one percent (51%), and

d.      Such other and further relief as to this Court may seem just, proper, and equitable together with the costs and disbursements of this action.

Dated: Buffalo, New York
   February 22, 2021

         GOLDBERG SEGALLA LLP

         Kenneth L. Bostick, Jr., Esq.
         *Attorney for Defendant*
         *Lowe's Home Centers, LLC*
         665 Main Street
         Buffalo, New York 14203
         (716) 566-5400

TO:    Tiffany A. Jacobsen, Esq.
        SOBO & SOBO, LLP
        *Attorneys for Plaintiff*
        One Dolson Avenue
        Middletown, New York 10940
        (845) 343-7626

29057726.v1

## ATTORNEY VERIFICATION

STATE OF NEW YORK )
COUNTY OF ERIE ) ss:

Kenneth L. Bostick, Jr., Esq., being sworn, deposes and says:

1. I am a partner with the law firm of Goldberg Segalla LLP, attorneys for defendant Lowe's Home Centers, LLC ("Lowe's") in this matter.

2. I have read the foregoing Answer and either know the contents to be true or they are alleged upon information and belief, and as to those matters, I believe them to be true based upon the materials supplied by and discussions with defendant.

3. The reason this verification is made by deponent and not by defendant is that defendant's corporate headquarters and residences are not located in the County of Erie where deponent's law office is located, or in the County of Ulster, where this action is venued.

Kenneth L. Bostick, Jr.

Sworn to before me this
22nd day of February, 2021.

Notary Public

SARAH A. WEISHEIT
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Chautauqua County
Commission Expires May 22, 20 21



# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 07/29/2019)

Ulster Supreme COURT, COUNTY OF Ulster

Index No: __EF2020-3139__        Date Index Issued: ____12/09/2020____

| **For Court Use Only:** |
| --- |
| IAS Entry Date |
| |
| Judge Assigned |
| |
| RJI Filed Date |

**CAPTION**    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

CAROL KORTRIGHT- CONKLIN

Plaintiff(s)/Petitioner(s)

-against-

LOWES HOME CENTERS LLC

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING:** Check only one box and specify where indicated.

**COMMERCIAL**
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☐ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.*

**REAL PROPERTY:**    Specify how many properties the application includes: _____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify):  ☐ Residential    ☐ Commercial
  Property Address: _____

  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.*

- ☐ Tax Certiorari - Section:        Block:        Lot:
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

**OTHER MATTERS**
- ☐ Certificate of Incorporation/Dissolution    [see ***NOTE*** in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

**MATRIMONIAL**
- ☐ Contested

  ***NOTE:*** *If there are children under the age of 18, complete and attach the* **MATRIMONIAL RJI Addendum (UCS-840M)**.

  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI **(UD-13)**.*

**TORTS**
- ☐ Asbestos
- ☐ Child Victims Act
- ☐ Environmental (specify): _____
- ☐ Medical, Dental, or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☒ Other Negligence (specify):   Premises
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ☐ CPLR Article 75 (Arbitration)    [see ***NOTE*** in **COMMERCIAL** section]
- ☐ CPLR Article 78 (Body or Officer)
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 (Kendra's Law)
- ☐ MHL Article 10 (Sex Offender Confinement-Initial)
- ☐ MHL Article 10 (Sex Offender Confinement-Review)
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING:**    Answer YES or NO for every question and enter additional information where indicated.

|  | YES | NO |  |  |
| --- | --- | --- | --- | --- |
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: | 12/09/2020 |
| Has a summons and complaint or summons with notice been served? | ☒ | ☐ | If yes, date served: | 12/11/2020 |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: | _____ |

**NATURE OF JUDICIAL INTERVENTION:**    Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental, or Podiatric Malpractice    Date Issue Joined: _____
- ☐ Notice of Motion    Relief Requested: _____    Return Date: _____
- ☐ Notice of Petition    Relief Requested: _____    Return Date: _____
- ☐ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ☐ Other Ex Parte Application    Relief Requested: _____
- ☐ Poor Person Application
- ☒ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

1 of 2

**RELATED CASES:** List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**PARTIES:** For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant; 3rd party plaintiff, etc.) | Attorneys and/or Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | Insurance<br>For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: KORTRIGHT- CONKLIN, CAROL<br>Role(s): Plaintiff/Petitioner | GREGORY SOBO, SOBO & SOBO L.L.P., 1 DOLSON AVE , MIDDLETOWN, NY  10940, 845-343-7626, efile@sobolaw.com | ☒ YES  ☐ NO |  |
| ☐ | Name: LOWES HOME CENTERS LLC<br><br>Role(s): Defendant/Respondent | KENNETH BOSTICK JR., Goldberg Segalla LLP, 665 Main St , Buffalo, NY  14203, kbostick@goldbergsegalla.com<br><br>  716-556-5400 | ☒ YES  ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES  ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES  ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES  ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES  ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES  ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES  ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES  ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES  ☐ NO |  |
| ☐ | Name:<br><br>Role(s): |  | ☐ YES  ☐ NO |  |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER  RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: _____04/09/2021_____

_____GREGORY MARC SOBO_____
Signature

_____3044831_____
Attorney Registration Number

_____GREGORY MARC SOBO_____
Print Name

*This form was generated by NYSCEF*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ULSTER**
**JUDGE CAHILL, CHRISTOPHER**



**CAROL KORTRIGHT- CONKLIN**

**- v. -**

**LOWES HOME CENTERS LLC**

Index No.    EF2020-3139

## COURT NOTICE

Dear Counsel:

        Please be advised that the above-referenced matter is scheduled for a remote Preliminary Conference via Microsoft Teams before the Hon. Christopher E. Cahill, J.S.C., on May 10, 2021 at 2:00 p.m.  A Teams invitation will follow.

        Adjournments will be granted only in exceptional cases, and only by permission of the Court.  A BRIEF CASE SUMMARY MUST BE SUBMITTED PRIOR TO THE CONFERENCE via email to cahillchambers@nycourts.gov.

Very truly yours,

Susan Suppies
Court Clerk
ssuppies@nycourts.gov

DATED 04/16/2021                                   FILED By Susan Suppies

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ULSTER

_____X

CAROL KORTRIGHT- CONKLIN                                    **DISCOVERY ORDER**

                                        Plaintiff(s),

                    -against-                              Index No.: EF2020-3139

LOWES HOME CENTERS LLC

                                        Defendant(s).
_____X

At a conference held on _____ 5|10 ___ 20 21 , it is hereby **ORDERED** that discovery shall proceed as follows:

1. All **PAPER DISCOVERY** to be completed by _____ 6|11|21 .

2. **DEPOSITIONS** of all parties shall take place on or before _____ 8|12|21 .
   Non-Party Depositions by_____.

3. **INDEPENDENT MEDICAL EXAMINATION(S)** to be held by _____ 9|17|21
   and the report is to be provided 45 days thereafter.

4. **NOTE OF ISSUE** is to be filed by _____ 11|10|21 .

5. **EXPERT DISCLOSURE** pursuant to the Third District Rule.

6. **COMPLIANCE CONFERENCE** to be held on _____ 11|22|21 at 9:30 hm

7. **OTHER:** _____.


**\*Any adjournment of these dates must be in writing to the judge prior to the deadline, on notice and consent of all parties. \***

**\*\*MOTIONS PERTAINING TO DISCOVERY REQUIRE PRIOR PERMISSION OF THE COURT. \*\***

<u>NOTE</u>:    *Dispositive motions shall be served within 120 days of the filing of the note of issue (see CPLR 3212), unless the Court orders otherwise. Such motions shall neither be returnable on nor adjourned to a date that is less than 90 days before trial.*

<u>***SO ORDERED:***</u>    _____    Dated:   5|10|21

                    **CHRISTOPHER E. CAHILL, JSC**

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ULSTER

_____ X

CAROL KORTRIGHT- CONKLIN

Plaintiff(s),

-against-

LOWES HOME CENTERS LLC

Defendant(s).

_____ X

*Amended*
**DISCOVERY ORDER**

Index No.: EF2020-3139

At a conference held on _____11/22____ 20 _21_, it is hereby **ORDERED** that discovery shall proceed as follows:

1. All **PAPER DISCOVERY** to be completed by _____.

2. **DEPOSITIONS** of all parties shall take place on or before_____.
   Non-Party Depositions by_____.

3. **INDEPENDENT MEDICAL EXAMINATION(S)** to be held by _____
   and the report is to be provided 45 days thereafter.

4. **NOTE OF ISSUE** is to be filed by _____.

5. **EXPERT DISCLOSURE** pursuant to the Third District Rule.

6. **COMPLIANCE CONFERENCE** to be held on _____.

7. **OTHER:** _____ *remmand to Fed. Ct.* _____.

**\*Any adjournment of these dates must be in writing to the judge prior to the deadline, on notice and consent of all parties. \***

**\*\*<u>MOTIONS PERTAINING TO DISCOVERY REQUIRE PRIOR PERMISSION OF THE COURT</u>. \*\***

<u>**NOTE:**</u>   *Dispositive motions shall be served within 120 days of the filing of the note of issue (<u>see</u> CPLR 3212), unless the Court orders otherwise. Such motions shall neither be returnable on nor adjourned to a date that is less than 90 days before trial.*

<u>***SO ORDERED:***</u> _____ Dated: 11/22/21

    **CHRISTOPHER E. CAHILL, JSC**